IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BRITTINI DEES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 5:22-CV-266 (MTT) |
| | ) |
| THE GEORGIA AGRICULTURAL EXPOSITION AUTHORITY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant The Georgia Agricultural Exposition Authority ("GAEA") moves for partial judgment on the pleadings against Plaintiff Brittini Dees. Doc. 7. GAEA argues that Dees' state law claims must be dismissed. *Id*. at 3-4. For the following reasons, GAEA's motion for partial judgment on the pleadings (Doc. 7) is **GRANTED**.

### I. BACKGROUND

Dees was a program coordinator for GAEA from 2017-2021. Doc. 4 ¶¶ 1, 4. She alleges that while employed by GAEA, she experienced a period of sexual harassment and assault by Philip Gentry, her supervisor. *Id*. ¶¶ 4-29. Specifically, "[t]hroughout [her] employment, Mr. Gentry was flirtatious and inappropriate." *Id*. ¶ 5. This behavior included Gentry allegedly making "sexually charged comments" about Dees and other female GAEA employees. *Id*. ¶¶ 5-6. Gentry's behavior "escalated." *Id*. ¶ 8. He allegedly began to ask Dees for "sexual favors," send her "inappropriate text messages," and show her "vulgar and sexually-charged content on his cell phone and computer in the workplace." *Id*. ¶ 9.

Gentry's conduct eventually turned physical.  *Id*. ¶ 10.  "During the times that Mr. Gentry and Ms. Dees were alone in the GAEA office, Mr. Gentry attempted to kiss Ms. Dees on several occasions, including one occasion in which he forcibly pinned her against a wall.  He attempted to insert his hands inside her clothing, and he continued to proposition her for sexual favors.  He also exposed his penis to Ms. Dees and even forced her to touch his penis[.]"  *Id*. ¶ 12.  Gentry allegedly "would lock the office door before carrying out his propositions and attacks," which made "Ms. Dees feel physically trapped[.]"  *Id*. ¶ 13.  This conduct further "escalated between May and July 2020" when Gentry allegedly "forced Ms. Dees to engage in non-consensual intercourse on multiple occasions during that three-month window."  *Id*. ¶ 14.

After Dees confronted Gentry about his behavior in July 2020, he allegedly threatened her employment.  *Id*. ¶¶ 16-18.  He "did not deny that his behavior had been without her consent" and "told Ms. Dees that if she ever told anybody about what he had done, he would 'absolutely deny everything.'"  *Id*. ¶¶ 17, 19.  Dees took a medical leave of absence "due to the stress, anxiety, and mental anguish that she was experiencing[.]"  *Id*. ¶ 24.  "The Office of the State Inspector General … eventually conducted an investigation into Ms. Dees' allegations" and "found that Mr. Gentry had violated the Statewide Sexual Harassment Prevention Policy … that governs GAEA and other State employees."  *Id*. ¶¶ 25-26.  Dees was "constructively discharged from employment with GAEA in mid-2021."  *Id*. ¶ 27.

Dees alleges two state law claims: (1) negligence, and (2) intentional infliction of emotional distress ("IIED").  *Id*. ¶¶ 43-60.  For her negligence claim, Dees alleges that GAEA was negligent in hiring, supervising, and protecting its employees and as a result,

she "was harassed and tormented by her supervisor and suffered the injuries complained of in this Complaint[.]" *Id*. ¶¶ 44-53. For her IIED claim, Dees alleges she suffered "real and severe" emotional distress that "GAEA is liable for … as a result of the actions and omissions described in [her] Complaint" because GAEA's conduct "was extreme, outrageous, and utterly intolerable in a civilized society." *Id*. ¶ 55-60.

## II. STANDARD

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008) (citing *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion. *See Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999). "Where a defendant moves for judgment on the pleadings, the fact allegations of the complaint are to be taken as true, but those of the answer are taken as true only where and to the extent that they have not been denied or do not conflict with those of the complaint." *Parker v. DeKalb Chrysler Plymouth*, 459 F. Supp. 184, 187 (N.D. Ga. 1978) (citing *Stanton v. Larsh*, 239 F.2d 104 (5th Cir. 1956)).[1]

To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), and therefore also Rule 12(c), a complaint must contain sufficient factual matter "to 'state a

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  *FindWhat Inv'r Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted).  But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (cleaned up).  A Rule 12(c) motion for judgment on the pleadings, must "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (cleaned up).  Where there are dispositive issues of law, a court may dismiss a claim regardless of the factual allegations.  *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

### III. DISCUSSION

Dees alleges two state law claims against GAEA: negligence and IIED.  Doc. 4 ¶¶ 43-60.  GAEA argues that these claims must be dismissed because they are barred by sovereign immunity under the Georgia Tort Claims Act ("GTCA").  Doc. 7 at 5-10. [2]

---

[2] GAEA also alleged that (1) Dees failed to comply with O.C.G.A. § 50-21-35, (2) Dees' claim for punitive damages is barred, and (3) Dees fails to state a claim for relief under state law.  Doc. 7 at 10-13.  In response to (1) and (2), Dees amended her complaint to comply with § 50-21-35 and dropped her claim for punitive damages.  Docs. 8; 9 at 2.  Moreover, the Court will not address GAEA's argument that Dees fails to state a claim for relief because her claims, even if plausibly stated, are otherwise barred by sovereign immunity.

**A. The Assault and False Imprisonment Exceptions.**

First, GAEA argues that Dees' state law claims should be dismissed because the claims arise from conduct—assault and false imprisonment—for which the state has not waived sovereign immunity under the GTCA and are thus barred. *Id*. at 5.

The GTCA provides a limited waiver of sovereign immunity: "The state waives its sovereign immunity for the torts of state officers and employees while acting within the scope of their official duties or employment and shall be liable for such torts in the same manner as a private individual or entity would be liable under like circumstances; provided, however, that the state's sovereign immunity is waived subject to all exceptions and limitations set forth in this article." O.C.G.A. § 50-21-23(a). And although the state "does not waive any immunity with respect to actions brought in the courts of the United States," it can waive that federal forum immunity through removal. § 50-21-23(b); *Stroud v. McIntosh*, 722 F.3d 1294, 1302 (11th Cir. 2013) ("[A] state waives its immunity from a federal forum when it removes a case, which voluntarily invokes the jurisdiction of that federal forum.").

One exception to this sovereign immunity waiver is where a plaintiff's claims involve certain intentional torts: "The state shall have no liability for *losses* resulting from … [a]ssault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, or interference with contractual rights[.]" O.C.G.A. § 50-21-24(7) (emphasis added). As GAEA correctly points out, Georgia Courts have repeatedly held that "[t]he focus of the exceptions to liability in O.C.G.A. § 50-21-24(7) is not on the government action taken, but upon the act that produces the loss." *Dept. of Human Res. v. Hutchinson*, 217 Ga. App. 70, 71-72, 456 S.E.2d 642, 644 (1995). For example,

in *Board of Public Safety v. Jordan*, the plaintiff sued the defendant for IIED based on the circumstances surrounding his termination, including alleged slander and libel, which are also exceptions under § 50-21-24(7).  252 Ga. App. 577, 577-78, 556 S.E.2d 837, 839, 842 (2001).  The court stated, "[t]o determine whether these exceptions protect the [defendant's] sovereign immunity, we focus upon the conduct which actually produced [the plaintiff's] 'losses,' his severe emotional distress and loss of reputation … [I]f the [defendant's] acts were slanderous or libelous, then the [defendant] was protected by immunity."  *Id*. at 583, 556 S.E.2d at 842; *see also Davis v. Standifer*, 275 Ga. App. 769, 774, 621 S.E.2d 852, 857 (2005) ("Any alleged losses arising out of the conduct that would constitute the common law tort of assault or battery upon the plaintiff's person fall within the exception[.]"); *Southerland v. Ga. Dept. of Corr.*, 293 Ga. App. 56, 58, 666 S.E.2d 383, 385 (2008); *Cowart v. Ga. Dept. of Human Serv.*, 340 Ga. App. 183, 183-85, 796 S.E.2d 903, 905-06 (2017).

In sum, if the *act* that produced Dees' *loss* is an act for which the state has not waived its sovereign immunity, then Dees' state law claims are barred.

Dees alleges in her complaint that Gentry harassed her with inappropriate text messages, pictures, and comments, that he eventually forced her into non-consensual sexual intercourse, and that after he ceased the physical assaults, her job was threatened and she was eventually discharged.  Doc. 4 ¶¶ 4-29.  For her negligence claim, she alleges she "suffered the injuries complained of in this Complaint" as a result of GAEA's negligence.  *Id*. ¶ 53.  For her IIED claim, she asserts that "[a]s a result of GAEA's actions and inactions described in this Complaint, Ms. Dees suffered emotional distress that was real and severe."  *Id*. ¶ 56.

The Court finds that the loss Dees allegedly suffered resulted from acts for which GAEA is entitled to sovereign immunity. The "injuries" and "actions and inactions" in Dees complaint—i.e., nonconsensual touching, intercourse, locking her in a room, and emotional distress—are all part of Gentry's alleged assault and false imprisonment against her. As GAEA states, "from start to finish, Plaintiff's claims are based upon Mr. Gentry's … actions for which GAEA is shielded by sovereign immunity." Doc. 11 at 4. Dees argues that "[n]ot everything of which [she] complains constituted an assault or battery under the law. Mr. Gentry's behavior began *before* Ms. Dees was assaulted and it continued *after* Ms. Dees was assaulted[.]" Doc. 9 at 7. Dees' attempt to separate what happened "before" and "after" the assault does not defeat the fact that the injuries—the loss—she alleges in her complaint collectively resulted from Gentry's assault. And even Dees' allegations in her complaint emphasize the point. Her use of the word "escalate" necessarily leads to the conclusion that the actions were all part of one scheme, albeit terrible, to assault Dees.[3] Doc. 4 ¶¶ 8, 14.

Dees also argues that she only "seeks to hold the State liable for its own negligence … [that] actually and proximately caused Ms. Dees to be subjected to" Gentry's conduct. Doc. 9 at 10. However, a plaintiff's attempt to "circumvent" the exception by alleging that the defendant's breach is the act that caused their loss has been rejected by Georgia courts. For example, in *Georgia Military College v.*

---

[3] Dees, citing *Lockhart v. Board of Regents*, argues that Georgia courts "previously recognized that even where a plaintiff suffers a battery at the hands of a government actor, that does not preclude liability under the GTCA for separate conduct that did not constitute a battery[.]" Doc. 9 at 7; 316 Ga. App. 759, 730 S.E.2d 475 (2012). However, *Lockhart* involved two clearly separate acts (a botched dental operation and the correction of that operation); here, there is one act—a continuous assault. *Id.* at 764, 730 S.E.2d at 479-80. Dees' comparison to *Alred v. Georgia Public Defender Council* is also meritless. 362 Ga. App. 465, 869 S.E.2d 99. The court there concluded that the plaintiff did not contend that the excepted tort, false imprisonment, occurred and therefore the exception did not apply. *Id.* at 472-73, 869 S.E.2d at 105. However, Dees *does* contend that a sexual assault occurred.

*Santamorena*, the plaintiff sued the defendant for negligence in supervision and protection based on another student raping the plaintiff on campus. 237 Ga. App. 58, 58, 514 S.E.2d 82, 83 (1999). The plaintiff argued that her negligence claim was not barred because it was not based on the rape, but upon the defendant's breach of its duties to supervise and protect. *Id*. at 59-61, 514 S.E.2d at 84-85. However, the Georgia Court of Appeals, citing *Hutchinson*, held that the defendant's "actions and omissions themselves produced no loss to [the plaintiff]; it was the other student's independent tort that resulted in her injury and damages. Because her *losses* stem from the rape, [the court found] that [defendant was] not subject to liability under the GTCA." *Id*. at 60, 514 S.E.2d at 84-85 (emphasis in original). The court reasoned that it does "not look at the duty allegedly breached by the government, but focus[es] on the act causing the plaintiff's loss." *Id*. at 61, 514 S.E.2d at 85; *see also Pelham v. Bd. of Regents of Univ. Sys. of Ga.*, 321 Ga. App. 791, 796, 743 S.E.2d 469, 473 (2013) ("Accordingly, if a plaintiff's injury was caused by an assault and battery committed by a third party, the state is immune from suit even if the assault and battery was facilitated by or resulted from the prior negligent performance of a state officer or employee.").[4] Therefore, even if GAEA breached its duties in hiring, supervising, and protecting, Dees' loss nonetheless resulted from Gentry's "independent tort."

---

[4] This issue has been repeatedly addressed by the Georgia Court of Appeals. *See, e.g., Sommers Oil Co. v. Ga. Dept. of Agric.*, 305 Ga. App. 330, 332, 699 S.E.2d 537, 539 (2010) (rejecting a plaintiff's attempt to "couch" their claim under negligence, further stating that "[n]omenclature notwithstanding, the substance of a claim must be considered, and a party cannot do indirectly what the law does not allow to be done directly.") (citation and internal quotation marks omitted); *Davis*, 275 Ga. App. at 775, 621 S.E.2d at 857 ("Nor can [plaintiff] circumvent the assault and battery exception by alleging that [defendants] were negligent or deliberately indifferent in their hiring, instruction, supervision, control, and discipline" of their employee who committed the assault.); *Chin Pak v. Ga. Dept. of Behav. Health & Developmental Disabilities*, 317 Ga. App. 486, 487, 731 S.E.2d 384, 385, (2012); *Ga. State Bd. of Pardons and Paroles v. Finch*, 269 Ga. App. 791, 605 S.E. 414 (2004).

And even if GAEA's negligence is a proximate cause of Dees' loss, that does not take her negligence and IIED claims out of the exception. In *Department of Human Resources v. Coley*, the Georgia Court of Appeals addressed this argument:

> It is true that there may be more than one proximate cause of a plaintiff's loss. Regardless of the number of proximate causes, however, the plaintiff sustains only one 'loss.' This loss cannot be apportioned among the various proximate causes, with part of the loss attributed to one event and another part attributed to a different event. To treat facts with imagination is one thing, but to imagine facts is quite another. It cannot be disputed that, when a plaintiff is injured by an assault or battery, [her] loss 'results' from such assault or battery, even though there may have been other contributing factors. And the statute clearly provides that the state shall have no liability for the 'loss.'

247 Ga. App. 392, 397, 544 S.E.2d 165, 170 (2000). Dees correctly notes that *Georgia Department of Transportation v. Heller* rejected the argument that "as long as any one of the causes connected to a plaintiff's loss is a cause for which the State would be immune from suit, the State would always be immune from any suit stemming from such loss." Doc. 9 at 9; 285 Ga. 262, 266, 674 S.E.2d 914, 918 (2009). However, the *Heller* court was faced with a situation where there were two separate events (a negligent tire inspection and an improper roadway repair) causing the plaintiff's loss. 285 Ga. at 266, 674 S.E.2d at 918. But there is no "former" or "latter" event here. *Id*. There is one event—Gentry's assault—for which the state is entitled to sovereign immunity.

Because the acts causing Dees' underlying loss constitute false imprisonment and assault, O.C.G.A. § 50-21-24(7)'s exception to Georgia's sovereign immunity waiver applies.

## B. The Discretionary Function Exception.

Next, GAEA argues that the GTCA's discretionary function exception to the state's waiver of sovereign immunity also bars the part of Dees' negligence claim based

-9-

on hiring and supervision.[5]  Doc. 7 at 8-10.  In response, Dees argues that her allegations of negligence in hiring and supervision "do not fall within the definition of 'discretionary' functions" because "[t]here was no policy judgment in choosing among alternate courses of action based upon consideration of social, political, or economic factors."  Doc. 9 at 12.

The discretionary function exception provides, "[t]he state shall have no liability for losses resulting from … [t]he exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a state officer or employee, whether or not the discretion involved is abused[.]"  O.C.G.A. § 50-21-24(2).  "Discretionary function or duty" is defined as "a function or duty requiring a state officer or employee to exercise his or her policy judgment in choosing among alternate courses of action based upon a consideration of social, political, or economic factors."  O.C.G.A. § 50-21-22(2).

In her negligence claim, among other things, Dees argues GAEA was negligent in hiring and supervising its employees.  Doc. 4 ¶¶ 44-52.  Dees' allegations of negligent hiring and supervision are clearly within the realm of GAEA's "discretionary functions."  *See Finch*, 269 Ga. App. at 794, 605 S.E.2d at 416 ("Employment decisions … necessarily require consideration of numerous factors and the exercise of deliberation and judgment.  They are therefore precisely the types of administrative action the discretionary function exception seeks to shield from judicial second-guessing.")

---

[5] GAEA also argues that Dees' "negligent hiring and supervision claims" are "inapplicable" because the GTCA provides the "exclusive remedy" and thus alternative "theories of liability" are not allowed.  Doc. 7 at 8-9.  It also argues that because immunity from punitive damages has not been waived, "negligent hiring and retention claims are redundant."  *Id*. at 9.  This first argument is a misstatement of Dees' claims and the second argument relies on overruled case law.  *See Quynn v. Hulsey*, 310 Ga. 473, 482, 850 S.E.2d 725, 732 n. 10 (2020) (overruling *Hosp. Auth. Of Valdosta/Lowndes Cnty. v. Fender*, 342 Ga. App. 113, 802 S.E.2d 346 (2017)).

(citation and internal quotation marks omitted).  Accordingly, Dees' negligence claim, to the extent it is based on hiring and supervision decisions, is alternatively barred by the discretionary function exception to the state's waiver of sovereign immunity.

### IV. CONCLUSION

Because Dees' state law claims are barred by sovereign immunity, GAEA's motion for partial judgment on the pleadings (Doc. 7) is **GRANTED**.  Accordingly, Dees' claims for negligence and IIED are **DISMISSED** without prejudice.

**SO ORDERED**, this 17th day of November, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
